UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:26-cv-00339

JORDYN DAGHARA-LAWSON,

       Plaintiff,

v.

GASNER AND WALLACE TF
OPERATIONS LLC,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GASNER AND WALLACE TF OPERATIONS, LLC ("Defendant"), hereby answers and responds to the correspondingly numbered paragraphs of the Complaint ("Complaint") of Plaintiff, Jordyn Daghara-Lawson ("Plaintiff"), as follows. Any allegations not specifically responded to are hereby denied.

## JURISDICTION AND VENUE

1.     In response to the allegations contained in paragraph 1 of the Complaint, Defendant admits that Plaintiff's Complaint is brought against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Family Medical Leave Act (FMLA) 29 U.S.C. § 2617 and Florida common law, but denies that Plaintiff is entitled to any relief in this action.

2.     Defendant admits that Plaintiff seeks claims pursuant to Florida's Workers' Compensation retaliation laws for jurisdictional purposes but otherwise denies the allegations in paragraph 2 of the Complaint.

3.     Defendant is without knowledge and therefore denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits Gasner and Wallce TF Operations, LLC is a Florida Limited Liability company licensed and doing business all throughout the State of Florida.  Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5.      Defendant admits Gasner and Wallce TF Operations, LLC is a business licensed with the State of Florida and conducts business in Lee and Collier Counties.  Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Complaint for jurisdictional purposes only, and otherwise denies the allegations in paragraph 6.

7.      Defendant admits the allegations in paragraph 7 of the Complaint for jurisdictional purposes only, and otherwise denies the allegations in paragraph 7.

**Statement of Facts**

8.      Defendant admits Gasner and Wallce TF Operations, LLC is a franchise with several places of business throughout the State of Florida.  Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant admits that Defendant's vehicle maintenance businesses offer vehicle oil changes and minor vehicle maintenance and repairs where customers may remain in their vehicles while the maintenance and/or repairs are made.  Defendant denies the remaining allegations within paragraph 10 of the Complaint.

11.     Defendant admits that it employed Plaintiff, but denies the remaining allegations contained within paragraph 11 of the Complaint.

12.     Defendant admits that it employed Plaintiff, but denies the remaining allegations contained within paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained within paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained within paragraph 14 of the Complaint.

15.     Defendant properly paid Plaintiff's wages consistent with the Fair Labor Standards Act, and otherwise denies the allegations contained within paragraph 15 of the Complaint.

16.     Defendant states that the FLSA speaks for itself.  Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant admits Plaintiff contacted her manager, but otherwise denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant is without knowledge and therefore denies the allegations in paragraph 24 of the Complaint.

25.     Defendant admits Plaintiff contacted her manager, but otherwise denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

3

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits Plaintiff was scheduled to work at the Defendant's place of business, however denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant admits Plaintiff contacted her manager, but otherwise denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48.    Defendant denies the allegations in paragraph 48 of the Complaint.

49.    Defendant denies the allegations in paragraph 49 of the Complaint.

50.    Defendant admits that it terminated Plaintiff's employment, and otherwise denies the allegations in paragraph 50 of the Complaint.

51.    Defendant denies the allegations in paragraph 51 of the Complaint.

52.    Defendant denies the allegations in paragraph 52 of the Complaint.

53.    Defendant admits that it terminated Plaintiff's employment, and otherwise denies the allegations in paragraph 53 of the Complaint.

## COUNT I
### Interference with Plaintiff's Exercise of FMLA

54.    Defendant re-asserts its previous responses to paragraphs 1 through 53 as if fully set forth herein.

55.    Defendant admits Gasner and Wallce TF Operations is a franchise with several places of business throughout the State of Florida engaged in business commerce.  Defendant denies the remaining allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Complaint.

58.    Defendant denies the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

60.    Defendant denies the allegations in paragraph 60 and subparts (a) – (c) of the Complaint.

61.    Defendant denies the allegations in paragraph 61 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

5

## COUNT II
## Family Medical Leave Act (FMLA Retaliation )

62.     Defendant re-asserts its previous responses to paragraphs 1 through 53 as if fully set forth herein.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant admits that it terminated Plaintiff, but otherwise denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

In Response to the "WHEREFORE" clause following paragraph 66 of the Complaint, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III
## Worker's Compensation Retaliation

67.     Defendant re-asserts its previous responses to paragraphs 1 through 53 as if fully set forth herein.

68.     Defendant states the FWCA speaks for itself and otherwise denies the remaining allegations in paragraph 68 of the Complaint.

69.     Defendant admits Plaintiff was an employee of Defendant and that Fla. Stat. §440.12(15)(a) speaks for itself.  Defendant denies the remaining allegations in paragraph 69 of the Complaint.

70.     Defendant admits Defendant was an employer who employed Plaintiff and that Fla. Stat. §440.12(15)(a) speaks for itself.  Defendant denies the remaining allegations in paragraph 70 of the Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

6

72. Defendant states that Fla. Stat. §440.205 speaks for itself.  Defendant denies the remaining allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant admits that it terminated Plaintiff's employment, and otherwise denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant states that Fla. Stat. §440.205 speaks for itself.  Defendant denies the remaining allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint and that plaintiff is entitled to any relief whatsoever.

In Response to the "WHEREFORE" clause following paragraph 84 of the Complaint, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

### COUNT IV – Violation of 29 U.S.C. § 217
### (Unpaid Overtime)

85. Defendant re-asserts its previous responses to paragraphs 1 through 53 as if fully set forth herein.

7

86. Defendant states that the Fair Labor Standards Act of 1938 and 29 U.S.C. § 201-219 speaks for itself. Defendant denies the remaining allegations within paragraph 86 of the Complaint.

87. Defendant admits the allegations contained in paragraph 87 of the Complaint.

88. Defendant admits the allegations contained in paragraph 88 of the Complaint.

89. Defendant admits the allegations contained in paragraph 89 of the Complaint.

90. Defendant admits the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant states that the FLSA speaks for itself. Defendant denies the remaining allegations within paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in paragraph 94 of the Complaint.

95. Defendant states that 29 U.S.C. 216(b) speaks for itself. Defendant denies the remaining allegations within paragraph 95 of the Complaint.

In Response to the "WHEREFORE" clause following paragraph 95 of the Complaint, Defendant denies the allegations and denies that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Defendant acknowledges that Plaintiff seeks a jury trial but denies that there are triable issues and denies Plaintiff is entitled to any relief in this action.  Defendant further denies any remaining allegations in the Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Complaint, Defendant plead the following affirmative and other defenses on its own behalf, without waiving any arguments that it may be entitled to assert regarding the burden of proof, legal presumptions or other legal characterizations. Defendant reserves the right to assert further affirmative and other defenses as they become evident through discovery and investigation, should this case proceed further.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits of the FLSA.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims or portions thereof (which are denied by Defendant) are barred and Defendant is not liable pursuant to 29 U.S.C. § 260 because Defendant acted in good faith, Defendant reasonably believed that its conduct did not violate the FLSA, and Defendant relied on the time Plaintiff reported that she worked and earned.

## THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of all compensation paid to Plaintiff for hours that she did not work and for which she was not eligible to receive paid time off.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. Plaintiff's claims are barred, in whole or in part, because any time not included in total hours worked per workweek or any error made in the rate overtime rate paid were *de minimis*.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages is barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of, which acts are specifically denied by Defendant, were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief under the FLSA because the acts or omissions complained of, which acts are specifically denied by Defendant, were in good faith conformity with and in reliance upon a written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiff belongs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are frivolous both in factual foundation and legal substance, and Defendant are entitled to an award of their costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

If the facts as determined at trial reveal that Plaintiff was herself engaged in efforts to alter or conceal her own time records, or in any other way violated the established policies of

Defendant with regard to employment practices, Plaintiff should be estopped from recovering on her claim.

## NINTH AFFIRMATIVE DEFENSE

If the facts as determined at trial reveal that Plaintiff reported to Defendant that she had been correctly and fully paid for all time worked, Plaintiff should be estopped from recovering on her claim.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff worked overtime without the actual or constructive knowledge of Defendant, or Defendant' approval, Plaintiff is not entitled to compensation for any such overtime hours.

## ELEVENTH AFFIRMATIVE DEFENSE

Prejudgment interest is not recoverable if Plaintiff is awarded liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks compensation for periods during which she was completely relieved from duty and which were long enough to enable her to use the time effectively for her own purposes.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities or for walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, in accordance with 29 U.S.C. § 254.

### FOURTEENTH AFFIRMATIVE DEFENSE

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory business reasons that were in no way related to any statutory rights Plaintiff had or exercised under the FMLA or the FWCA.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff experienced any damages as a result of the alleged unlawful conduct by Defendant, which Defendant expressly denies, Plaintiff's damages are barred, in whole or in part, to the extent Plaintiff failed to act reasonably to avoid the alleged harm of which she now complains or otherwise failed to meet her duty to mitigate the alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff experienced any damages as a result of the alleged unlawful conduct by Defendant, which Defendant expressly denies, any claim for damages must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and all other earnings or remunerations, profits and benefits which accrued to Plaintiff after the first alleged unlawful act, or which were earnable or receivable with reasonable diligence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant engaged in good faith efforts to comply with the FMLA.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of the FMLA, and therefore, Plaintiff may not recover liquidated damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions taken against Plaintiff under the FMLA or FWCA, because, among other things, retaliatory motive for Plaintiff's alleged exercise of FMLA- or

FWCA-protected rights was not the but-for cause of any adverse employment decision. *Lapham v. Walgreen Co.*, 88 F.4th 879, 895 (11th Cir. 2023).

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff experienced any damages as a result of any unlawful conduct attributable to Defendant, which Defendant expressly denies, Plaintiff's damages are barred in whole or in part by the doctrines of after-acquired evidence and/or unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent any unlawful conduct attributable to Defendant occurred, which Defendant expressly denies, Defendant had reasonable grounds for believing that any acts or omissions were not in violation of the FMLA and has relied in good faith conformance or reliance on court orders and on written administrative regulations, orders, rulings or approvals or interpretations by the administrator of the Department of Labor or an administrative practice or enforcement policy of such agency. Therefore, Defendant is not liable for liquidated damages under the FMLA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred where not filed within the applicable limitations period under the FMLA, FWCA, or any other applicable limitations period.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff claims entitlement to leave under the FMLA but Plaintiff did not have a serious health condition, or Plaintiff was not eligible for or entitled to leave under the requirements of the FMLA (including but not limited to the lack of employes necessary for applicability of that law), Plaintiff has no standing to sue and/or her FMLA claims are barred.

13

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to medically support a request for leave under the FMLA or FWCA and/or has failed to cure deficiencies of any supporting medical documentation and/or is responsible for the breakdown in the FMLA or FWCA approval process and/or never met the requirements to apply for FMLA or FWCA leave, Plaintiff's FMLA and FWCA claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to comply with Defendant's policies and directions with regard to obtaining or taking FMLA or FWCA leave, including, but not limited to, failing to put Defendant on notice that any condition might qualify as a serious health condition or providing notice or certification of the need for leave, in accordance with Defendant's policies and the requirements of the FMLA or FWCA, her claims are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event that the Court or a jury should ever conclude that any alleged statutorily protected activity under the FMLA or FWCA was a factor in any of the actions or decisions challenged by Plaintiff (which Defendant expressly denies), Defendant affirmatively avers the same actions and decisions would have been made absent consideration of the alleged protected activity.

## RESERVATION OF RIGHTS

Defendant incorporates by reference each and every affirmative defense available to it under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, or otherwise, that discovery might reveal to be appropriate. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant

reserves the right to assert additional defenses as information is gathered through discovery and investigation.  In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and do not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

WHEREFORE, Defendant specifically denies Plaintiff's entitlement to any relief, and requests that the Court enter judgment dismissing Plaintiff's Complaint with prejudice, awarding Defendant their costs of court and attorneys' fees, and enter such other relief as the Court deems just and proper.

Dated this 17th day of April, 2026.

Respectfully submitted,

FORDHARRISON, LLP

By: /s/ *David M. Gobeo*
David M. Gobeo, Esq.
Florida Bar No. 0016565
dgobeo@fordharrison.com
515 North Flagler Drive, Suite 350
West Palm Beach, FL 33401
T (561) 345-7512 | F (561) 345-7501

Jesica P. Fico, Esq.
Florida Bar No. 1049243
jfico@fordharrison.com
401 East Jackson Street, Suite 2500
Tampa, Florida 33602
T (813) 261-7889  | F (813) 261-7899

*Attorney for Defendant, Gasner and Wallace TF Operations, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 17, 2026, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

Jason L. Gunter, Esq.
jason@gunterfirm.com
Conor P. Foley, Esq.
conor@gunterfirm.com
Peter M. Jennings, Esq.
peter@gunterfirm.com
GunterFirm
2165 First Street, Suite 104
Fort Myers, Florida 33901

*Attorneys for Plaintiff*

By: <u>*/s/ David M. Gobeo*</u>
David M. Gobeo, Esq.
Florida Bar No. 0016565